UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62766-CIV-COHN/SELTZER

ETHERIA ROLLE-COLLIE,

    Plaintiff,

v.

STATE OF FLORIDA, ATTORNEY GENERAL
OFFICE,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 61]. The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion.[1]

**I.  BACKGROUND**

Plaintiff Etheria Rolle-Collie alleges that Defendant, Florida's Office of the Attorney General ("OAG"), discriminated against her on the basis of race, sex, national origin, and age when it rejected her application for a financial investigator position. In early 2012, the OAG's Economic Crimes Bureau posted a job announcement for a financial investigator. DE 61-1 ("Announcement"). The Announcement listed numerous qualifications that an applicant should possess:

---

[1] In resolving the Motion, the Court has not considered Rolle-Collie's untimely Amended Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment [DE 67]. The Court therefore will deny the OAG's Motion to Strike Plaintiff's Amended Memorandum of Law [DE 70] as moot.

> A Bachelor's degree from an accredited college or university with a major course of study in a related field and five years of professional experience conducting law enforcement or civil financial investigations or other related investigative experience. A Masters degree in a related field from an accredited college or university may substitute for one year of the required experience. Professional or nonprofessional experience in law enforcement or civil investigations may substitute on a year for year basis for the required education.

The Announcement also expressed a number of preferences:

> Preference will be given to those applicants with bilingual (Spanish) verbal and written skills. Experience in civil or criminal fraud and/or white collar crime investigations strongly preferred. This position involves the investigation of violations of Florida Statutes 501, Florida's Deceptive and Unfair Trade Practices Act . . . . Preference will be given to those candidates who . . . have a degree in Criminal Justice or a related discipline, and/or have knowledge or a background in financial crimes investigations.

Rolle-Collie applied for the financial investigator position in response to the Announcement. Rolle-Collie is an African-American woman born in 1968. DE 12 ¶ 7. She has bachelor's degrees in computer information systems and business administration. DE 61-2 at 4. At the time of her application, she had approximately ten years of experience as a private investigator, during which she performed background checks, workers' compensation fraud investigations, and other general investigations. DE 61 at 5; DE 61-2 at 4. Rolle-Collie also had two years of experience investigating equal employment opportunity claims for the U.S. Postal Service. DE 61-2 at 4.

Rolle-Collie was selected for a first-round interview with the OAG. Rolle-Collie performed well enough at her interview to advance to a second-round interview. DE 61 at 8.  After the second-round interview, Rolle-Collie was not selected to advance. Id. Two other candidates did proceed further, and ultimately an individual named Andrew Cofino, a White male, was selected for the job. Id.; DE 61-4 at 1.

2

Rolle-Collie subsequently commenced this suit, alleging that the OAG discriminated against her on the basis of race, sex, national origin, and age when it rejected her application for employment in favor of a younger White male who spoke Spanish. DE 12 ¶¶ 24–35. The Court granted the OAG's request for dismissal of the age-discrimination claim (see DE 45), thus Rolle-Collie proceeds solely on her allegations of race, sex, and national-origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* The OAG now seeks summary judgment on these remaining allegations of discrimination. See DE 61.

## II.  LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled

3

to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990). In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

III. **DISCUSSION**

A plaintiff alleging discrimination under Title VII may prove her claim through direct or circumstantial evidence. The showing necessary to support the claim depends upon the sort of evidence used. A plaintiff's direct evidence of discrimination provides a simple and quick route to proving a claim for discrimination. See Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003). Where a plaintiff offers circumstantial evidence, however, the Court must proceed through the more involved burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Rolle-Collie appears to concede that her evidence in this case is circumstantial, and therefore the McDonnell Douglas test applies. See DE 63 at 4.

To make out a prima facie case of a discriminatory failure to hire within the McDonnell Douglas framework, a plaintiff must show that: "(1) she was a member of a protected class; (2) she applied and was qualified for a position for which the employer was accepting applications; (3) despite her qualifications, she was not hired; and (4) the position remained open or was filled by another person outside of her protected class." Lane v. Broward Cnty., 411 F. App'x 272, 273 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). If a plaintiff produces evidence to support a prima facie case, the burden shifts to the defendant to offer a non-discriminatory justification for its

4

employment decision. After the defendant offers a non-discriminatory justification, the plaintiff must respond with evidence showing that the defendant's justification was a pretext for discrimination. Wilson v. B/E Aerospace, 376 F.3d 1079, 1089–90 (11th Cir. 2004). With this framework in mind, the Court turns to the merits of the parties' arguments.

### A. Rolle-Collie Has Provided Evidence to Support a Prima Facie Case of Discrimination

In the Motion, the OAG first argues that Rolle-Collie cannot make out a prima facie case of discrimination because she was unqualified for the financial investigator position.[2] The Announcement called for a "[b]achelor's degree . . . with a major course of study in a related field." DE 61-1 at 1. The OAG contends that a "related field" is one related to criminal justice. DE 61 at 12–13. Because Rolle-Collie holds degrees in computer information systems and business administration, and not criminal justice, the OAG argues that she did not satisfy the Announcement's educational requirement. Id.

However, in opposition to the Motion, Rolle-Collie has furnished an OAG document relating to the financial investigator position which suggests that the OAG itself considered business administration to be a field related to criminal justice. See DE 63-21 at 3. An issue of fact thus exists as to whether Rolle-Collie's business administration degree satisfied the requirement of a bachelor's degree in a "related field."

Further, the Announcement did not portray a bachelor's degree as a truly dispositive qualification. Instead, the Announcement allowed for investigative

---

[2] The OAG does not appear to contest that Rolle-Collie is a member of a protected class who was not hired for the financial investigator position, or that the position was filled by another person outside of her protected class.

5

experience to substitute for the required education. Indeed, one candidate for the financial investigator position progressed through multiple rounds of interviews, despite lacking a college degree. See DE 63-18. Even had Rolle-Collie lacked a bachelor's degree, her substantial investigative experience potentially could have fulfilled the educational requirement. The Court thus finds that Rolle-Collie has provided evidence capable of supporting a reasonable inference that she satisfied the Announcement's educational requirements.

The Announcement also sought applicants with "five years of professional experience conducting law enforcement or civil financial investigations or other related investigative experience." DE 61-1 at 1. The OAG contends that Rolle-Collie's decade of investigative experience was insufficiently related to the sorts of investigative experience called for in the Announcement. See DE 61 at 11–12. But the Announcement failed to define precisely and objectively what sort of "other related investigative experience" could qualify an applicant. Instead, the OAG's determination as to whether Rolle-Collie, along with each of the other candidates, satisfied the Announcement's requirements appears to have resulted from a subjective, individualized review of each candidate's background. See DE 61-6 ¶¶ 17, 23.

There is nothing inherently discriminatory about hiring decisions made on a subjective basis. "A subjective reason can constitute a legally sufficient, legitimate, nondiscriminatory reason" to make a personnel decision. Chapman v. AI Transp., 229 F.3d 1012, 1033–34 (11th Cir. 2000). At the same time, subjective evaluations "provide a ready mechanism for racial discrimination." Miles v. M.N.C. Corp., 750 F.2d 867, 871 (11th Cir. 1985). The Eleventh Circuit has thus determined that "subjective evaluations

6

play no part in the plaintiff's prima facie case." Vessels v. Atl. Indep. Sch. Sys., 408 F.3d 763, 769 (11th Cir. 2005) (per curiam). A contrary rule, requiring a plaintiff seeking to establish a prima facie case to rebut the decision-maker's subjective motivations for an employment decision, would "essentially require a plaintiff to prove pretext as part of his prima facie case at the summary judgment stage," contrary to the Supreme Court's admonition that the "plaintiff's prima facie burden [under the McDonnell Douglas framework] is not onerous." Id. (citing Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989)). Therefore, an employer cannot rely upon subjective criteria relating to a plaintiff's qualifications to defeat a plaintiff's prima facie case. See Carter v. Three Springs Residential Treatment, 132 F.3d 635, 644 (11th Cir. 1998). The Court thus rejects the OAG's subjective determination—untethered to any objective, measurable criteria—that Rolle-Collie's investigative experience was insufficiently related to the work of a financial investigator as a basis for finding her unqualified for the position.

In short, the Court finds that Rolle-Collie has presented evidence giving rise to genuine issues of fact regarding her qualifications for the financial investigator position. Rolle-Collie has furnished evidence that she satisfied the position's educational requirements. She has also shown that she possessed substantial investigative experience. The OAG's subjective assessment of the worth of Rolle-Collie's experience is insufficient to overcome her contention that the experience qualified her for the position. Rolle-Collie therefore has provided sufficient materials to support a prima facie case of discrimination, and the burden shifts to the OAG to offer a non-discriminatory justification for her rejection.

**B. The OAG Has Offered a Legitimate Reason for Selecting Cofino Over Rolle-Collie**

After a plaintiff makes out a prima facie case of discrimination under McDonnell Douglas, the defendant must offer a legitimate, non-discriminatory justification for its employment decisions. See Vessels, 408 F.3d at 767–68. Here, the OAG argues that it ultimately found its eventual hire, Andrew Cofino, more qualified than Rolle-Collie, who it determined to be unqualified. The OAG contends that it based its decision to hire Cofino, instead of Rolle-Collie, on Cofino's bachelor's degree in criminal justice, juris doctor, Spanish-speaking abilities,[3] and investigative experience more closely related to the variety of investigation to be performed by the financial investigator. See DE 61 at 12–13; DE 61-7 ¶¶ 7, 13. This non-discriminatory justification satisfies the OAG's burden of offering a legitimate basis for its decision to reject Rolle-Collie, and the burden shifts back to Rolle-Collie to show that the justification is pretextual.

**C. Rolle-Collie Has Supplied Evidence of Pretext**

Once an employer meets its burden of offering non-discriminatory reasons for its actions, the plaintiff "must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the legitimate reasons given by the employer were not its true reasons, but were a pretext for discrimination." Vessels, 408 F.3d at 771. "The plaintiff must show weaknesses, implausibilities, inconsistencies, incoherencies, or

---

[3] Rolle-Collie argues that the preference for Spanish-speaking candidates is itself a discriminatory employment practice. See DE 63 at 10–11. Though language preferences "could be used as a covert basis for national origin discrimination," Chhim v. Spring Branch Indep. Sch. Dist., 396 F. App'x 73, 74 (5th Cir. 2010) (per curiam) (internal quotation marks omitted), there is nothing inherently discriminatory or improper about such preferences. See Tippie v. Spacelabs Med., Inc., 180 F. App'x 51, 55 (11th Cir. 2006) (per curiam) (level of Spanish-language abilities was legitimate basis for employment decision).

contradictions in the employer's rationale." Holland v. Gee, 677 F.3d 1047, 1055–56 (11th Cir. 2012) (internal quotation marks omitted).

The OAG contends that Rolle-Collie was not hired because it determined that she did not meet the educational requirements for the financial investigator position, among other reasons. DE 61 at 9. The Announcement called for applicants to possess a bachelor's degree "with a major course of study in a related field." The OAG argues in its papers that a "related field" is one related to criminal justice. See DE 61 at 12–13. According to the OAG, Rolle-Collie did not satisfy this educational requirement because she lacks a criminal justice degree. See DE 61 at 9, 12–13; DE 61-7 ¶ 13.

However, an internal OAG document relating to the financial advisor position appears to list business administration among the college majors sufficiently related to the field of criminal justice to satisfy the Announcement's educational requirements. See DE 63-21 at 3. Rolle-Collie possesses a bachelor's degree in business administration. The OAG's reliance upon Rolle-Collie's educational background to justify her rejection, despite evidence that a business administration degree such as Rolle-Collie's would satisfy the Announcement's educational requirements, presents inconsistencies sufficient to give rise to an inference of pretext. See Holland, 677 F.3d at 1055–56. The Court thus determines that the OAG has failed to establish its entitlement to summary judgment on Rolle-Collie's discrimination claim. See Wilson, 376 F.3d at 1089–90.

IV. **CONCLUSION**

In this Title VII discrimination action, Rolle-Collie has provided sufficient evidence to support a prima facie case of discrimination under the McDonnell Douglas framework. The OAG has come forward with legitimate, non-discriminatory reasons as to why it did not hire Rolle-Collie as a financial investigator. Nevertheless, Rolle-Collie

9

has demonstrated inconsistencies in the OAG's proffered reasons that, when all inferences are drawn in Rolle-Collie's favor, are sufficient to create an issue of fact as to whether those reasons were a pretext for discrimination. Rolle-Collie therefore has provided sufficient evidence of discrimination to survive summary judgment, see Centeno v. I & C Earthmovers Corp., 970 F. Supp. 2d 1280, 1294–95 (S.D. Fla. 2013), and the OAG's Motion will be denied. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 61] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Amended Memorandum of Law [DE 70] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of November, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF